[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants in this case appeal from the summary judgment entered in favor of defendant-appellee on all of appellants' claims. The trial court stated in its decision that it had "read the Motion [for summary judgment] and Memoranda filed by counsel, along with all affidavits, depositions and all other papers properly before the Court * * *" before entering summary judgment in appellee's favor.
However, this court's examination of the record reveals that a substantial number of depositions were sealed at the time they were filed, and that the seals remain unbroken, indicating that they were never reviewed by the lower court. This court has long held that a lower court commits plain error in granting a Civ.R. 56 motion when the record demonstrates that the court did not read a deposition filed in accordance with that rule. See, e.g., Walters v. The Maxwell Co. (July 26, 1995), Hamilton App. Nos. C-940456 and C-940468, unreported.
Therefore, we reverse the judgment of the trial court and remand for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge